UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )   Criminal No. 14-CR-0095 (KBJ)
                                    )
ANTHONY TURNER and                  )
LARISSA JONES,                      )
                                    )
            Defendants.             )
                                    )
_____ )

## MEMORADUM OPINION AND ORDER

Before this Court at present are (1) Defendant Anthony Turner's [27] Motion to Suppress Tangible Evidence ("Def.'s Mot. to Suppress"), which Defendant Larissa Jones subsequently adopted (*see* ECF No. 30 (Motion to Adopt Any Applicable Co-Defendant Motions)), and (2) Defendant Turner's [39] Motion for an Evidentiary Hearing Based on *Franks v. Delaware* violations ("Def.'s Mot. for *Franks* Hearing"). At a status conference held on October 2, 2014, counsel for Defendant Turner asked this Court to consider these motions together; the instant memorandum opinion and order responds to that request.

After consideration of Defendant Turner's motion to suppress and motion for a *Franks* hearing, along with the Government's Oppositions (*see* ECF Nos. 28 and 50), this Court concludes that the information in the search warrant affidavit in this case provided a substantial basis for the belief that probable cause existed, and Defendant Turner has failed to demonstrate that the affidavit contained any false statements or material omissions. Consequently, Defendant Turner's motions for suppression of tangible evidence and for a *Franks* hearing are **DENIED**.

I.   **THE SEARCH WARRANT AFFIDAVIT**

Defendant Turner's argument in support of suppression and/or a *Franks* hearing turns entirely on his belief that the affidavit that law enforcement submitted in support of the application for a warrant to search 2300 Good Hope Road, Apartment #226 was defective.[1]  A D.C. Superior Court Judge reviewed the search warrant affidavit at issue, which AUSA Rhonda Redwood and affiant Officer Herbert LeBoo of the Metropolitan Police Department submitted on April 9, 2014.

As relevant here, the search warrant affidavit makes the following general statements about the affiant's source of information and basis of knowledge: (1) Officer LeBoo had met with a confidential informant the day that Officer LeBoo swore the search warrant affidavit; (2) Officer LeBoo has worked with this particular informant for three years; (3) the information that Officer LeBoo has received from this informant "has always been detailed, exact, and reliable;" and (4) Officer LeBoo believes that this informant is "knowledgeable, truthful, and forthcoming." (*See* Search Warrant Affidavit, Ex. 1 to Govt. Opp. Re: Suppression, ECF No. 28-1.)  In addition, the search warrant affidavit makes several specific assertions about the information that led Office LeBoo to believe that there was contraband inside 2300 Good Hope Road, Apartment #226:  first, that at some point in the 36 hours preceding the search warrant application, the informant had met a person named Anthony at that apartment; second, that the informant knew Anthony lived at that address; third, that the informant saw that Anthony had a large quantity of heroin, crack cocaine, and marijuana in the apartment, and the informant had watched Anthony packaging the marijuana with Ziploc bags and

---

[1] 2300 Good Hope Road, Apartment #226 was the apartment in which Defendants Turner and Jones resided and was the location in which the police found the illegal drugs, gun, and ammunition that are the subject of the instant prosecution.

2

a digital scale; and fourth, that the informant identified Defendant Anthony Turner as the "Anthony" he knew based on a photograph.  (*Id.*)

The gravamen of Defendant's suppression argument is that this search warrant affidavit nevertheless "was insufficient to establish a 'substantial basis' for probable cause [because the affidavit] lacked *specific* information regarding any alleged illegal activity that occurred inside of [the residence]" insofar as it "is devoid of any information concerning on what date(s), at what time(s) and under what circumstances the [confidential informant] allegedly made its observations."  (Def.'s Mot. to Suppress at 4-5 (emphasis added).)  Defendant Turner also takes issue with the fact that Officer LeBoo did not personally observe illegal activity in Defendants' apartment, and instead relied on the information provided to him by an informant.  (*See* Def.'s Mot. to Suppress at 4-5; Def.'s Mot. for *Franks* Hearing at 6-7.)  Additionally, Defendant Turner complains that the search warrant affidavit does not explain *why* Officer LeBoo believed that the confidential informant was credible, nor does it offer independent evidence that corroborates the informant's statements—information that, according to Defendant Turner, the judicial officer needed to have in order to verify or corroborate the informant's statements prior to issuing the warrant.  (*See* Def.'s Mot. to Suppress at 5; Def.'s Mot. for *Franks* Hearing at 6-8.)

Ultimately, as a result of these alleged defects, Defendant Turner argues that "the search warrant was erroneously issued" and that "the evidence seized pursuant to the warrant, and all fruits thereof, must be suppressed."  (*See* Def.'s Mot. to Suppress at 6.)  In the alternative, Defendant Turner argues that he is entitled to a *Franks* hearing to challenge the search warrant affidavit because "Officer LeBoo was fully aware of the specific information that should have been included in the affidavit" and "[b]y omitting

3

these relevant facts, Officer LeBoo recklessly disregarded his obligation to fully provide truthful information in his affidavit." (Def.'s Mot. for *Franks* Hearing at 6.)

## II. ANALYSIS

This Court notes at the outset that challenges to the sufficiency of the evidence underlying the issuance of a search warrant are disfavored. *See, e.g.*, *U.S. v. Ventresca*, 380 U.S. 102, 109 (1965) ("Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."). Moreover, "[i]n reviewing a warrant application, 'the task of the issuing magistrate is simply to make a practical, common-sense determination' of whether probable cause exists. In turn, 'the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for . . . concluding that probable cause existed.' " *United States v. Nozette*, 692 F. Supp. 2d 110, 111 (D.D.C. 2010) (quoting *Illinois v. Gates,* 462 U.S. 213, 238-39 (1983)). "To demonstrate probable cause to search premises, an affidavit must set forth facts sufficient to induce a reasonably prudent person to believe that a search thereof will uncover evidence of a crime." *United States v. Burroughs*, 882 F. Supp. 2d 113, 118 (D.D.C. 2012) (quoting *United States v. Laws,* 808 F.2d 92, 94 (D.C. Cir. 1986) (internal quotation marks omitted)).

This Court rejects Defendant Turner's argument that the affidavit in support of the search warrant at issue here was deficient, for several reasons. First, contrary to Defendant Turner's contentions, there is no legal requirement that a police officer recite every fact that he knows in a search warrant affidavit, so long as what he *does* say is sufficient to support a judicial officer's finding of probable cause. *See Ogden v. D.C.*, 861 F.2d 303, 303 (D.C. Cir. 1988) ("An affidavit must be more than wholly

4

conclusory, but it need only provide the magistrate with a substantial basis for concluding that probable cause exists; it need not present all the relevant information known to the police at the time."). In other words, "[t]he Fourth Amendment . . . does not set forth some general 'particularity requirement.' It specifies only two matters that must be 'particularly described' in the warrant: 'the place to be searched' and 'the persons or things to be seized.' " *United States v. Grubbs*, 547 U.S. 90, 97 (2006).

Second, there is no legal requirement that the police officer who swears a search warrant affidavit have personally observed the events and items that he describes in the affidavit. *See McCray v. Illinois*, 386 U.S. 300, 311 (1967) ("An affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, so long as the magistrate is informed of some of the underlying circumstances supporting the affiant's conclusions and his belief that any informant involved whose identity need not be disclosed was credible or his information reliable." (internal quotation marks and citations omitted)). Thus, police officers are entitled to rely on the statements of confidential informants. *See, e.g., Franks v. Delaware*, 438 U.S. 154, 164-65 (1978) (stressing that "probable cause may be founded upon hearsay and upon information received from informants[.]"); *United States v. Harris*, 403 U.S. 573, 584-85 (1971) ("It will not do to say that warrants may not issue on uncorroborated hearsay. . . . Nor it is especially significant that neither the name nor the person of the informant was produced before the magistrate.").

Third, where a search warrant affiant does, in fact, rely on a confidential informant, there is no legal requirement that a judicial officer independently evaluate the informant's credibility. The affiant need only provide the judge with "some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the

5

officer concluded that the informant, whose identity need not be disclosed, was credible or his information reliable." *Aguilar v. State of Tex.*, 378 U.S. 108, 114 (1964) (internal quotation marks and citations omitted); *see also United States v. Dowe*, 478 F. Supp. 1058, 1060 (D.D.C. 1979) ("Although the affidavit was based in part on information provided by a government informant, that informant's reliability was established by corroboration of information that he had provided police on prior occasions.  The informant had obtained the information in a reliable manner, namely first hand through a controlled purchase of narcotics.").  Put another way, the judge is entitled to rely on the officer's beliefs about the reliability of the informant.

Fourth, and finally, there is no basis whatsoever for drawing any conclusion that the information provided in search warrant affidavit at issue here was insufficient to support probable cause.  In cases in which courts have found search warrant affidavits to be lacking, such affidavits clearly "failed to link the suspect to the location to be searched, [or] failed to explain why the affiant believed evidence of criminal activity would be found at the location, [or] failed to explain why evidence would be present long after officers received relevant information to support the affidavit." *United States v. Savoy*, 889 F. Supp. 2d 78, 90 (D.D.C. 2012) (addressing search warrant affidavits so lacking in indicia of probable cause as to render official reliance on that affidavit unreasonable); *see also, e.g.*, *Schoeneman v. United States*, 317 F.2d 173 (D.C. Cir. 1963) (finding a lack of probable cause on the date the search warrant was issued because of the "great delay" of 107 days in between the observations of criminal activity at issue and the application for a warrant); *United States v. Hopkins*, 128 F. Supp. 2d 1, 7 (D.D.C. 2000) (finding a lack of probable cause to search suspects' home for "illegal guns and related accessories" where the officer represented only that suspects had been "arrested for gun violations twice in fifteen months").  Such deficient

affidavits bear no resemblance to the sworn statement that Officer LeBoo presented in this case. As explained above, the information in the affidavit challenged here—that a reliable confidential informant had been to 2300 Good Hope Road, Apartment #226 at some point within the last day and a half and, while there, had seen Defendant Turner in possession of large quantity of various illegal drugs and in the process of packaging certain drugs for sale—is manifestly sufficient to give rise to a reasonable belief that police officers would find illegal drugs at 2300 Good Hope Road, Apartment #226.

## III.  CONCLUSION

In sum, Defendant Turner's challenge to Officer LeBoo's search warrant affidavit is meritless. If Defendant has some evidence that indicates that Officer LeBoo was being deceitful or reckless when he said that he had worked with the confidential informant in the past and the informant had previously provided accurate and reliable information, then Defendant might have some basis for challenging the affidavit or seeking a *Franks* hearing. *See United States v. Ali*, 870 F. Supp. 2d 10, 27 (D.D.C. 2012) ("[A] defendant seeking to obtain a *Franks* hearing must show that (1) the affidavit contained false statements or omitted certain facts; (2) the false statements or omitted facts were material to the finding of probable cause; and (3) the false statements or omissions were made knowingly and intentionally, or with reckless disregard for the truth."). But in the absence of such evidence, and armed only with the bald statement that a criminal defendant is somehow entitled to specific details about the criminal investigation that led to the issuance of a search warrant, Defendant Turner cannot sustain his burden of establishing that a *Franks* hearing is necessary, nor is he entitled to suppression of the evidence that law enforcement officers found at his residence. Consequently, it is hereby

**ORDERED** that Defendant Turner's [27] Motion to Suppress Tangible Evidence and [39] Motion for an Evidentiary Hearing are **DENIED**.

Date:  November 14, 2014                                      *Ketanji Brown Jackson*
                                                              KETANJI BROWN JACKSON
                                                              United States District Judge